UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X

MIGUEL ANGEL RODRIGUEZ, CATALINA TORRES
ASCENCIO, and JOSE ALEMAN BARINCA, individually
and on behalf of all others similarly situated,

**COLLECTIVE ACTION
COMPLAINT**

Plaintiffs,

-against-

**JURY TRIAL
DEMANDED**

MI ESQUINA DELI CORP., LC STOP DELI CORP d/b/a
STOP DELI, and LAZARO CISNEROS, YOLANDA
CISNEROS, and KEVIN CISNEROS, as individuals,

Defendants.

-------------------------------------------------------------------------X

Plaintiffs MIGUEL ANGEL RODRIGUEZ, CATALINA TORRES ASCENCIO, and
JOSE ALEMAN BARINCA, individually and on behalf of all others similarly situated (hereinafter,
"Plaintiffs"), by their attorneys at Helen F. Dalton & Associates, P.C., allege, upon personal
knowledge as to themselves and upon information and belief as to other matters, as follows:

## PRELIMINARY STATEMENT

1.  Plaintiffs, MIGUEL ANGEL RODRIGUEZ, CATALINA TORRES ASCENCIO, and
    JOSE ALEMAN BARINCA individually and on behalf of all others similarly situated,
    through undersigned counsel, bring this action against Defendants MI ESQUINA
    DELI CORP., and LC STOP DELI CORP d/b/a STOP DELI ("Corporate Defendants"),
    and LAZARO CISNEROS, YOLANDA CISNEROS, and KEVIN CISNEROS,
    as individuals (and collectively hereinafter, the "Defendants"), to recover damages for
    the Defendants' egregious violations of federal and state overtime wage and
    minimum wage laws arising out of Plaintiffs' employment by Corporate Defendants
    located at 43-01 31st Avenue, Astoria, New York 11103.

2.  As a result of the Defendants' violations of Federal and New York State labor laws
    delineated below, Plaintiffs seek compensatory damages and liquidated damages in
    an amount exceeding $100,000.00. Plaintiffs also seek interest, attorneys' fees, costs,
    and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

4. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred within this district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

7. Plaintiffs, former employees of the Defendants, performed work for the Defendants as cooks, food preparers, and counterpersons, at various times described below, at MI ESQUINA DELI CORP., located at 43-01 31st Avenue, Astoria, New York 11103.

8. Defendant MI ESQUINA DELI CORP. is a New York domestic business corporation organized under, and existing by virtue of, the laws of the State of New York with a principal office located at 43-01 31st Avenue, Astoria, New York 11103.

9. Upon information and belief, Defendant MI ESQUINA DELI CORP. is authorized to conduct and transact business under the laws of the State of New York.

10. Defendant LC STOP DELI CORP d/b/a STOP DELI is a New York domestic business corporation organized under, and existing by virtue of, the laws of the State of New York with a principal office located at 43-01 31st Avenue, Astoria, New York 11103.

11. Upon information and belief, Defendant LC STOP DELI CORP d/b/a STOP DELI is authorized to conduct and transact business under the laws of the State of New York.

12. Defendants conducted operations of their business under the corporate employer entity called LC STOP DELI CORP d/b/a STOP DELI until January 2019, after which time the Defendants operated business under the corporate employer entity called MI ESQUINA DELI CORP., Plaintiffs' corporate employer after January 2019. At all times relevant to, Defendants LAZARO CISNEROS, YOLANDA CISNEROS, and KEVIN CISNEROS maintained full ownership over Corporate Defendants.

## LAZARO CISNEROS

13. Upon information and belief, Defendant LAZARO CISNEROS owns and operates Corporate Defendants.

14. Upon information and belief, Defendant LAZARO CISNEROS manages Corporate Defendants.

15. Upon information and belief, Defendant LAZARO CISNEROS is the Chief Executive Officer of Corporate Defendants.

16. Upon information and belief, Defendant LAZARO CISNEROS would be frequently present at Corporate Defendants every day, and supervised employees, including the Plaintiffs, while there.

17. Upon information and belief, Defendant LAZARO CISNEROS would instruct the employees of Corporate Defendants, including Plaintiffs, on how to perform their jobs.

18. Upon information and belief, Defendant LAZARO CISNEROS is the individual in charge of the day-to-day operations of Corporate Defendants, including the ordering of products for the business.

19. Upon information and belief, Defendant LAZARO CISNEROS would be responsible for determining the rate of pay to employees, including the Plaintiffs.

20. Upon information and belief, Defendant LAZARO CISNEROS distributed pay to employees, including the Plaintiffs.

21. Upon information and belief, Defendant LAZARO CISNEROS makes final personnel decisions regarding employee issues of Corporate Defendants.

22. Upon information and belief, Defendant LAZARO CISNEROS has power over personnel decisions at Corporate Defendants.

23. Upon information and belief, Defendant LAZARO CISNEROS would make the decision to hire employees, including the Plaintiffs.

24. Upon information and belief, Defendant LAZARO CISNEROS would make the decision regarding the termination of employees at Corporate Defendants including Plaintiffs.

25. Upon information and belief, Defendant LAZARO CISNEROS would determine how the employees of Corporate Defendants, including Plaintiffs, were to be paid.

26. Upon information and belief, Defendant LAZARO CISNEROS has the power to hire and fire employees at Corporate Defendants, establish and pay their wages, set their work schedule, and maintains their employment records.

27. Upon information and belief, Defendant LAZARO CISNEROS has power over payroll decisions at Corporate Defendants.

28. Upon information and belief, Defendant LAZARO CISNEROS is an agent of Corporate Defendants.

29. During all relevant times herein, Defendant LAZARO CISNEROS was Plaintiffs' employer within the meaning of the FLSA and NYLL.

## YOLANDA CISNEROS

30. Upon information and belief, Defendant YOLANDA CISNEROS owns and operates Corporate Defendants.

31. Upon information and belief, Defendant YOLANDA CISNEROS manages Corporate Defendants.

32. Upon information and belief, Defendant YOLANDA CISNEROS is the Chief Executive Officer of Corporate Defendants.

33. Upon information and belief, Defendant YOLANDA CISNEROS would be frequently present at Corporate Defendants every day, and supervised employees, including the Plaintiffs, while there.

34. Upon information and belief, Defendant YOLANDA CISNEROS would instruct the employees of Corporate Defendants, including Plaintiffs, on how to perform their jobs.

35. Upon information and belief, Defendant YOLANDA CISNEROS is the individual in charge of the day-to-day operations of Corporate Defendants, including the ordering of products for the business.

36. Upon information and belief, Defendant YOLANDA CISNEROS would be responsible for determining the rate of pay to employees, including the Plaintiffs.

37. Upon information and belief, Defendant YOLANDA CISNEROS distributed pay to employees, including the Plaintiffs.

38. Upon information and belief, Defendant YOLANDA CISNEROS makes final personnel decisions regarding employee issues of Corporate Defendants.

39. Upon information and belief, Defendant YOLANDA CISNEROS has power over personnel decisions at Corporate Defendants.

40. Upon information and belief, Defendant YOLANDA CISNEROS would make the decision to hire employees, including the Plaintiffs.

41. Upon information and belief, Defendant YOLANDA CISNEROS would make the decision regarding the termination of employees at Corporate Defendants including Plaintiffs.

42. Upon information and belief, Defendant YOLANDA CISNEROS would determine how the employees of Corporate Defendants, including Plaintiffs, were to be paid.

43. Upon information and belief, Defendant YOLANDA CISNEROS has the power to hire and fire employees at Corporate Defendants, establish and pay their wages, set their work schedule, and maintains their employment records.

44. Upon information and belief, Defendant YOLANDA CISNEROS has power over payroll decisions at Corporate Defendants.

45. Upon information and belief, Defendant YOLANDA CISNEROS is an agent of Corporate Defendants.

46. During all relevant times herein, Defendant YOLANDA CISNEROS was Plaintiffs' employer within the meaning of the FLSA and NYLL.

**KEVIN CISNEROS**

47. Upon information and belief, Defendant KEVIN CISNEROS owns and operates Corporate Defendants.

48. Upon information and belief, Defendant KEVIN CISNEROS manages Corporate Defendants.

49. Upon information and belief, Defendant KEVIN CISNEROS is the Chief Executive Officer of Corporate Defendants.

50. Upon information and belief, Defendant KEVIN CISNEROS would be frequently present at Corporate Defendants every day, and supervised employees, including the Plaintiffs, while there.

51. Upon information and belief, Defendant KEVIN CISNEROS would instruct the employees of Corporate Defendants, including Plaintiffs, on how to perform their jobs.

52. Upon information and belief, Defendant KEVIN CISNEROS is the individual in charge of the day-to-day operations of Corporate Defendants, including the ordering of products for the business.

53. Upon information and belief, Defendant KEVIN CISNEROS would be responsible for determining the rate of pay to employees, including the Plaintiffs.

54. Upon information and belief, Defendant KEVIN CISNEROS distributed pay to employees, including the Plaintiffs.

55. Upon information and belief, Defendant KEVIN CISNEROS makes final personnel decisions regarding employee issues of Corporate Defendants.

56. Upon information and belief, Defendant v CISNEROS has power over personnel decisions at Corporate Defendants.

57. Upon information and belief, Defendant KEVIN CISNEROS would make the decision to hire employees, including the Plaintiffs.

58. Upon information and belief, Defendant KEVIN CISNEROS would make the decision regarding the termination of employees at Corporate Defendants including Plaintiffs.

59. Upon information and belief, Defendant KEVIN CISNEROS would determine how the employees of Corporate Defendants, including Plaintiffs, were to be paid.

60. Upon information and belief, Defendant v CISNEROS has the power to hire and fire employees at Corporate Defendants, establish and pay their wages, set their work schedule, and maintains their employment records.

61. Upon information and belief, Defendant KEVIN CISNEROS has power over payroll decisions at Corporate Defendants.

62. Upon information and belief, Defendant KEVIN CISNEROS is an agent of Corporate Defendants.

63. During all relevant times herein, Defendant KEVIN CISNEROS was Plaintiffs' employer within the meaning of the FLSA and NYLL.

64. Upon information and belief, MI ESQUINA DELI CORP. is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and

handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

65. Upon information and belief, LC STOP DELI CORP d/b/a STOP DELI is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

66. At all times relevant to this action, Defendants were and are enterprises as defined in Sec. 3(r) of the FLSA, 29 U.S.C. § 203(r).

67. At all times relevant to this action, the Defendants were Plaintiffs' employers as defined by 29 U.S.C. § 203(d) and NYLL §§ 2(6), 190(3) and 651(6); Defendants employed and/or jointly employed the Plaintiffs; and Defendants LAZARO CISNEROS, YOLANDA CISNEROS, and KEVIN CISNEROS were Plaintiffs' individual employers for purposes of the FLSA.

68. At all times relevant hereto, Defendants MI ESQUINA DELI CORP., and LC STOP DELI CORP d/b/a STOP DELI shared common management, as they are operated by individual Defendants LAZARO CISNEROS, YOLANDA CISNEROS, and KEVIN CISNEROS.

69. At all times relevant hereto, Defendants MI ESQUINA DELI CORP., and LC STOP DELI CORP d/b/a STOP DELI shared the same pay practices to pay employees and payroll systems to pay employees.

70. At all times relevant hereto, Defendants MI ESQUINA DELI CORP., and LC STOP DELI CORP d/b/a STOP DELI functioned as a single integrated enterprise.

**RELEVANT STATUTORY PERIOD**

71. Under the FLSA and NYLL, Plaintiffs' federal and state law claims are subject to statute of limitations periods of 3 and 6 years from the date of the filing of the Complaint, respectively. This Complaint was filed on February 11, 2021. As such, the relevant statutory period for Plaintiffs' claims asserted herein encompass the entirety

of the period spanning February 11, 2015, through the present ("relevant statutory period.").

## STATEMENT OF FACT
### MIGUEL ANGEL RODRIGUEZ

72. Plaintiff MIGUEL ANGEL RODRIGUEZ was employed by Defendants as a counter person from in or around July 2018 to in or around November 2020.

73. Throughout Plaintiff MIGUEL ANGEL RODRIGUEZ' employment by Defendants, Plaintiff MIGUEL ANGEL RODRIGUEZ worked approximately sixty (60) hours or more hours per week.

74. Plaintiff MIGUEL ANGEL RODRIGUEZ was paid by Defendants approximately $800.00 per week.

75. Although Plaintiff MIGUEL ANGEL RODRIGUEZ worked approximately sixty (60) hours or more per week throughout his employment by Defendants, Defendants did not pay Plaintiff time at a rate of time and a half (1.5) for all hours worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

76. Furthermore, although Plaintiff MIGUEL ANGEL RODRIGUEZ sometimes worked shifts consisting of at least ten (10) hours in a day, Defendants failed to pay Plaintiff an additional hour at his regular rate of pay for each day which he worked more than ten (10) hours, a violation of the spread of hour provisions contained within the New York Minimum Wage Act and its implementing regulations.

### CATALINA TORRES ASCENCIO

77. Plaintiff CATALINA TORRES ASCENCIO was employed by Defendants as a cook and food preparer from in or around August 2008 to in or around October 2020.

78. During the relevant statutory period, Plaintiff CATALINA TORRES ASCENCIO worked approximately eighty-four (84) hours per week.

79. Plaintiff CATALINA TORRES ASCENCIO was paid by Defendants:
   i.    in 2014, approximately $420.00 per week;
   ii.   in 2015, approximately $420.00 per week;
   iii.  in 2016, approximately $500.00 per week;

      iv.     in 2017, approximately $500.00 per week;

      v.     in 2018, approximately $600.00 per week;

      vi.     in 2019, approximately $760.00 per week; and

      vii.     in 2020, approximately $760.00 per week.

80. Although Plaintiff CATALINA TORRES ASCENCIO worked approximately eighty-four (84) hours per week throughout the relevant statutory period, Defendants did not pay Plaintiff time at a rate of time and a half (1.5) for all hours worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

81. Furthermore, although Plaintiff CATALINA TORRES ASCENCIO worked shifts consisting of at least ten (10) hours in a day, Defendants failed to pay Plaintiff an additional hour at the regular rate of pay for each day worked more than ten (10) hours, a violation of the spread of hour provisions contained within the New York Minimum Wage Act and its implementing regulations.

## JOSE ALEMAN BARINCA

82. Plaintiff JOSE ALEMAN BARINCA was employed by Defendants as a cook and food preparer from in or around June 2007 to in or around October 2020.

83. During the relevant statutory period, Plaintiff JOSE ALEMAN BARINCA worked approximately seventy-two (72) hours or more per week.

84. Plaintiff JOSE ALEMAN BARINCA was paid by Defendants:

      i.     in 2015, approximately $12.00 per hour;

      ii.     in 2016, approximately $12.00 per hour;

      iii.     in 2017, approximately $14.00 per hour;

      iv.     in 2018, approximately $14.00 per hour;

      v.     in 2019, approximately $14.00 per hour; and

      vi.     in 2020, approximately $15.00 per hour.

85. Although Plaintiff JOSE ALEMAN BARINCA worked approximately seventy-two (72) hours per week throughout the relevant statutory period, Defendants did not pay Plaintiff time at a rate of time and a half (1.5) for all hours worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

86. Furthermore, although Plaintiff JOSE ALEMAN BARINCA worked shifts consisting of at least ten (10) hours in a day, Defendants failed to pay Plaintiff an additional hour at the regular rate of pay for each day worked more than ten (10) hours, a violation of the spread of hour provisions contained within the New York Minimum Wage Act and its implementing regulations.

DEFENDANTS' VIOLATIONS UNDER NYLL COMMON TO ALL PLAINTIFFS

87. Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

88. Defendants willfully failed to maintain accurate and contemporaneous payroll records as required by both NYLL and the FLSA.

89. As a result of these violations of Federal and New York State labor laws, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000. Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

90. Plaintiffs bring this action on behalf of themselves and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are the hereinafter the "Collective Class."

91. Collective Class: All persons who are or have been employed by the Defendants as counterpersons, cooks, food preparers, waiters, busboy or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required minimum and overtime wage compensation.

92. Upon information and belief, Defendants employed greater than 10 employees within the past three years subjected to similar payment structures.

93. Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

94. Defendants' unlawful conduct has been widespread, repeated, and consistent.

95. Upon information and belief, Defendant had knowledge that Plaintiffs and the Collective Class performed work requiring overtime pay and that Plaintiffs were paid below the applicable minimum wage.

96. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the Collective Class.

97. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay and/or proper minimum wage in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

98. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

99. The claims of Plaintiffs are typical of the claims of the putative class.

100.    Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.

## FIRST CAUSE OF ACTION
### Overtime Wages Under The Fair Labor Standards Act

101.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

102.    Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

103.    At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

104.    At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

105.    Defendants willfully failed to pay Plaintiffs overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiffs were entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

106.    Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiffs.

107.    Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION

### Overtime Wages Under New York Labor Law

108.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

109.    At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

110.    Defendants failed to pay Plaintiffs overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

111.    Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as

well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

### THIRD CAUSE OF ACTION
### Spread of Hours Compensation Under New York Labor Law

112.    Plaintiffs re-allege and incorporate by reference all allegations contained within all preceding paragraphs as if same were more fully set forth herein.

113.    Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs an additional hour of pay at minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§ 650 et seq.; 12 N.Y. C. R. R. § 146-1.6.

114.    Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants for their unpaid spread of hour compensation, reasonable attorneys' fees, and costs of the action, pursuant to N. Y. Labor Law § 663 (1).

### FORTH CAUSE OF ACTION
### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

115.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

116.    Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

117.    Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

### FIFTH CAUSE OF ACTION
### Violation of the Wage Statement Requirements of the New York Labor Law

118.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

119.    Defendants failed to provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL §195(3).

120.    Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs respectfully request that judgment be granted:

    a.   Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;

    b.   Awarding Plaintiffs' unpaid overtime wages;

    c.   Awarding Plaintiffs' unpaid spread of hour compensation;

    d.   Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

    e.   Awarding Plaintiffs prejudgment and post-judgment interest;

    f.   Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; and

    g.   Awarding such and further relief as this court deems necessary and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.


Dated: Kew Gardens, New York
       This 11th day of February 2021.


By: _____
Roman Avshalumov (RA 5508)
Helen F. Dalton & Associates, P.C.
*Attorneys for Plaintiffs*
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MIGUEL ANGEL RODRIGUEZ, CATALINA TORRES ASCENCIO, and JOSE ALEMAN
BARINCA, individually and on behalf of all others similarly situated,

Plaintiffs,

-against-

MI ESQUINA DELI CORP., LC STOP DELI CORP d/b/a STOP DELI, and LAZARO
CISNEROS, YOLANDA CISNEROS, and KEVIN CISNEROS, as individuals,

Defendants.

## COLLECTIVE ACTION COMPLAINT

### HELEN F. DALTON & ASSOCIATES, P.C.
*Attorneys for Plaintiffs*
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Phone: (718) 263-9591
Fax: (718) 263-9598

**TO:** *All Defendants:*

**MI ESQUINA DELI CORP.**
43-01 31ST AVENUE
ASTORIA, NEW YORK 11103

**YOLANDA CISNEROS**
30-03 47TH ST
ASTORIA, NEW YORK 11103

**LC STOP DELI CORP d/b/a STOP DELI**
43-01 31ST AVENUE
ASTORIA, NEW YORK 11103

**KEVIN CISNEROS**
30-03 47TH ST
ASTORIA, NEW YORK 11103

**LAZARO CISNEROS**
43-01 31ST AVENUE
ASTORIA, NEW YORK 11103

28-23 42ND ST APT D3
ASTORIA, NEW YORK 11103