UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MIGUEL ANGEL RODRIGUEZ, CATALINA
TORRES ASCENCIO, and JOSE ALEMAN
BARINCA, individually and on behalf of all
others similarly situated,                                         MEMORANDUM
                                                                   AND ORDER
                Plaintiffs,                                  21 CV 760 (RML)

    -against-

MI ESQUINA DELI CORP., LC STOP DELI
CORP. d/b/a STOP DELI, and LAZARO
CISNEROS, YOLANDA CISNEROS, and
KEVIN CISNEROS, as individuals,

                Defendants.
-----------------------------------------------------------X

LEVY, United States Magistrate Judge:

        This case is before me on consent of the parties. (See Consent to Magistrate Judge Jurisdiction, dated May 17, 2022, Dkt. No. 21.) On May 11, 2023, shortly before the trial of this matter was scheduled to commence, plaintiffs Miguel Angel Rodriguez, Catalina Torres Ascencio, Jose Aleman Barinca, Adrian Rodriguez, and Jose Luis Meneses Galindo ("plaintiffs") in this wage-and-hour action accepted the Offer of Judgment of defendants Mi Esquina Deli Corp., Yolanda Cisneros, and Kevin Cisneros ("defendants")[1] in the amount of $15,000, exclusive of attorney's fees and costs. (See Notice of Acceptance of Offer of Judgment Pursuant to Fed. R. Civ. P. 68(a), dated May 11, 2023, Dkt. No. 29.) Plaintiffs now move for an award of $43,547.50 in attorney's fees and $1,888.75 in costs. (See Affirmation of Roman Avshalumov,

---

[1] The other named defendants, LC Stop Deli Corp. d/b/a Stop Deli and Lazaro Cisneros, never answered or otherwise responded to the complaint. Plaintiffs requested a Certificate of Default against these defendants, which was denied for lack of service (see Denial of Request for Certificate of Default, dated Mar. 9, 2023), and plaintiffs appear to have abandoned any claims against them.

Esq., dated May 18, 2023 ("Avshalumov Aff."), Dkt. No. 32, ¶¶ 46, 51.)  Defendants object, arguing that plaintiffs are entitled to no more than one-third of the $15,000 settlement amount, or $5,000 in attorney's fees.  (See Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion for Attorneys' Fees and Costs, filed June 1, 2023 ("Defs.' Mem."), Dkt. No. 33, at 1.)  In the event the court awards fees based on the number of hours plaintiffs' counsel expended on this case, defendants urge the court to "make a significant reduction in the hours billed and hourly rates of the attorneys."  (Id.)

Since plaintiffs obtained a judgment against defendants, they are entitled to attorney's fees under both the Fair Labor Standards Act ("FLSA") and New York law.  See 29 U.S.C. § 216(b); N.Y. LAB L. §§ 198(1–a) & 663(1); see also Black v. Nunwood, Inc., No. 13 CV 7207, 2015 WL 1958917, at *2 (S.D.N.Y. Apr. 30, 2015) ("The offer of judgment in this case establishes that [plaintiff] is the prevailing party under the FLSA and the NYLL.").  As a threshold matter, the party seeking fees must provide accurate, detailed and contemporaneous attorney time records.  See Scott v. City of New York, 643 F.3d 56, 58-59 (2d Cir. 2011) (per curiam).  Plaintiffs have satisfied this requirement.  (See Avshalumov Aff., Ex. A, Dkt. No. 32-1.)

Courts within the Second Circuit generally employ the "presumptively reasonable fee" method when analyzing motions for attorney's fees.  See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 190 (2d Cir. 2008).  Under this method, courts multiply the "amount of time reasonably spent by counsel" by a reasonable hourly rate to derive a presumptively reasonable overall fee.  Cover v. Potter, No. 05 CV 7039, 2008 WL 4093043, at *5 (S.D.N.Y. Aug. 29, 2008).  A reasonable hourly rate is "the rate a paying client would be willing to pay. . .bear[ing] in mind that a reasonable, paying client wishes

2

to spend the minimum necessary to litigate the case effectively." Arbor Hill, 522 F.3d at 190. To determine reasonable hourly rates, courts must refer to the "prevailing [market rates] in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Blum v. Stenson, 465 U.S. 886, 896 n.11 (1984). The "community" is the district where the district court sits. See Simmons v. New York City Transit Auth., 575 F.3d 170, 174 (2d Cir. 2009); Arbor Hill, 522 F.3d at 190.

Plaintiffs' counsel seeks hourly rates of $425 for the time expended by Roman Avshalumov, the senior managing attorney at Helen F. Dalton & Associates, P.C. who has sixteen years of experience in labor and employment law, and $250 for James O'Donnell, the head of the labor law practice group and managing attorney at Helen F. Dalton & Associates, P.C., who has worked exclusively on employment matters during his nearly seven years at the firm, including "hundreds of FLSA matters in the Second Circuit[.]" (See Avshalumov Aff. ¶¶ 25-26, 29-30.) Plaintiffs' counsel also requests $175 per hour for the work of Janelle Romero, who was a second-year associate while performing work on this matter, and for Avraham Scher, a third-year associate. (See id. ¶¶ 33-34, 37-38.) Finally, plaintiffs' counsel seeks $75 per hour for the work of bilingual paralegals who assisted on this case. (See id. ¶¶ 42-43.)

These hourly rates are in line with rates awarded in this district for attorneys with comparable experience and skill. See, e.g., Almond v. PJ Far Rockaway, Inc., No. 15 CV 6792, 2018 WL 922184, at *2 (E.D.N.Y. Feb. 15, 2018) (awarding hourly rate of $450 to an attorney with seventeen years of experience in employment and wage litigation); Hall v. ProSource Techs., LLC, No. 14 CV 2502, 2016 WL 1555128, at *12 (E.D.N.Y. Apr. 11, 2016) (approving rate of $450 per hour for lawyer with "significant experience litigating FLSA and NYLL wage and hour lawsuits[.]"); see also Pinto v. Midway Grocery, Corp., No. 21 CV 778, 2022 WL

3

20537490, at *6 (E.D.N.Y. Oct. 14, 2022) ("The Court finds the $425.00 fee per hour for Mr. Avshalumov as a managing attorney, the $250.00 fee per hour for Mr. O'Donnell, and the $175.00 fee per hour for Mr. Scher to be reasonable."); Antoine v. Brooklyn Maids 26, Inc., 489 F. Supp. 3d 68, 103 (E.D.N.Y. 2020) (noting that "Courts in this District have approved the following hourly rates for attorneys practicing in the Eastern District of New York: $300 to $450 for partners in law firms, $200 to $325 for senior associates, and $100 to $200 for junior associates," and collecting cases). The $75 per hour rate for the paralegal work is also reasonable. See Tarazona v. Rotana Café & Rest. Inc., No. 16 CV 76, 2017 WL 2788787, at *2 (E.D.N.Y. June 27, 2017) (finding $75 hourly billing rate reasonable for paralegal in FLSA matter).

Plaintiffs' counsel must also establish that the number of hours for which they seek compensation is reasonable. Arbor Hill, 522 F.3d at 188. In evaluating whether claimed hours are reasonable, the court considers "not whether hindsight vindicates an attorney's time expenditures, but whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." Grant v. Martinez, 973 F.2d 96, 99 (2d Cir. 1992). "Because attorney's fees are dependent on the unique facts of each case, the resolution of this issue is committed to the discretion of the district court." Clarke v. Frank, 960 F.2d 1146, 1153 (2d Cir. 1992). If the court finds that claimed hours are "excessive, redundant, or otherwise unnecessary," it should exclude those hours from its calculation of the presumptively reasonable fee. Hensley v. Eckerhart, 461 U.S. 424, 434 (1983); accord Quaratino v. Tiffany & Co., 166 F.3d 422, 426 n.6 (2d Cir. 1999) (citations omitted); Farmer v. Hyde Your Eyes Optical, Inc., No. 13 CV 6653, 2015 WL 2250592, at *15 (S.D.N.Y. May 13, 2015). However, "[t]here is no precise rule or formula for making these determinations," Hensley, 461 U.S. at 436, and the court

is not required to "set forth item-by-item findings concerning what may be countless objections to individual billing items." Lunday v. City of Albany, 42 F.3d 131, 134 (2d Cir. 1994). Because "it is unrealistic to expect a trial judge to evaluate and rule on every entry in an application . . . the court has discretion simply to deduct a reasonable percentage of the number of hours claimed 'as a practical means of trimming fat from a fee application.'" Kirsch v. Fleet St., Ltd., 148 F.3d 149, 173 (2d Cir. 1998) (quoting N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1146 (2d Cir. 1983)).

   Plaintiffs seek compensation for 139.5 hours of attorney time (84.1 of which were spent by Mr. Avshalumov) and 29.8 paralegal hours. (See Avshalumov Aff., Ex. A.) I agree with defendants that some of this time should be excluded. For example, many of the entries made by Mr. Avshalumov were "for matters that could have been done at a much lower rate by counsel's law clerk or associate." Dajbabic v. Rick's Cafe, 995 F. Supp. 2d 210, 214 (E.D.N.Y. 2014) (reducing fee award based on, *inter alia*, partner time billed to preparing and filing the summons). I also note that the Rule 68 offer limits attorney's fees and costs to those "accrued to date." (See Offer of Judgment, dated May 2, 2023, Dkt. No. 29). Plaintiffs therefore may not recover fees for time expended preparing the motion for attorney's fees. See James v. City of N.Y., No. 15 CV 3657, 2017 WL 2414627, at *1 (E.D.N.Y. June 2, 2017) (fee award should exclude "fees on fees" where the offer of judgment limited recovery of fees "to the date of this offer"); Schoolcraft v. City of N.Y., No. 10 CV 6005, 2016 WL 4626568, at *13 (S.D.N.Y. Sept. 6, 2016), modified on reconsideration, 248 F. Supp. 3d 506 (S.D.N.Y. 2017) (declining to award "fees on fees" where Rule 68 offer limited plaintiff to reasonable attorney's fees "to the date of this offer"); Clarke v. Hudson Valley Fed. Credit Union, No. 14 CV 5291, 2016 WL 884667, at *7 (S.D.N.Y. Mar. 8, 2016) ("[A]ny fees relating to work performed in relation to [plaintiff's]

5

motion for attorney's fees – which necessarily occurred after that date [agreed to in the Rule 68 offer] – is beyond the scope of fees to which the parties agreed and which [plaintiff] may fairly be entitled to in this case."). On the other hand, the parties conducted discovery, including multiple depositions, and prepared for trial. (See Avshalumov Aff., Ex. A.)[2]

Considering all of the relevant factors, I find that a forty percent reduction in counsel's hours is appropriate, except for the paralegals, whose language assistance was essential in this case. See Francois v. Mazer, 523 F. App'x 28 (2d Cir. 2013) (affirming district court's reduction of attorney's fees in FLSA case by forty percent); Kim v. 167 Nail Plaza, Inc., No. 05 CV 8560, 2009 WL 77876, at *1-2 (S.D.N.Y. Jan. 12, 2009) (adopting recommendation to reduce attorney's fees to prevailing FLSA plaintiff by forty percent). Plaintiffs' counsel are therefore awarded $29,010.50 in attorney's fees as follows:

| Name | Hourly Rate | Hours Billed | Reduced Hours | Total |
|---|---|---|---|---|
| Roman Avshalumov | $425 | 84.1 | 50.46 | $21,445.50 |
| James O'Donnell | $250 | 19.9 | 11.94 | $2,985 |
| Janelle Romero | $175 | 32.9 | 11.84 | $2,072 |
| Avraham Scher | $175 | 2.6 | 1.56 | $273 |
| Paralegals | $75 | 29.8 | N/A | $2,235 |
| Total | | | | **$29,010.50** |

---

[2] Defendants' argument that plaintiffs' counsel are only entitled to a percentage of the judgment has no application here. This is not a case where attorney's fees are to be paid from a common fund. Rather, fees are being awarded pursuant to statutes following a judgment favorable to plaintiffs (see 29 U.S.C. § 216(b); N.Y. LAB. L. § 663(1)), and there is no requirement that the fees be proportionate to the amount of the judgment. Indeed, the Second Circuit has "repeatedly rejected the notion that a fee may be reduced merely because the fee would be disproportionate to the financial interest at stake in the litigation." Kassim v. City of Schenectady, 415 F.3d 246, 252 (2d Cir. 2005).

Finally, fee awards include "reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." LeBlanc–Sternberg v. Fletcher, 143 F.3d 748, 763 (2d Cir.1998) (citing United States Football League v. National Football League, 887 F.2d 408, 416 (2d Cir. 1989)).  "As with attorneys' fees, [a] requesting party must substantiate the request for costs." Guo v. Tommy's Sushi, Inc., No. 14 CV 3964, 2016 WL 452319, at *3 (S.D.N.Y. Feb. 5, 2016); see also Euceda v. Preesha Operating Corp., No. 14 CV 3143, 2017 WL 3084490, at *4 (E.D.N.Y. June 30, 2017), report and recommendation adopted, 2017 WL 3084408 (E.D.N.Y. July 18, 2017).

Plaintiffs request $1,888.75 in costs, representing the $402 filing fee (reflected on the docket), $597.75 for deposition transcripts, $249 for translation of the transcripts, and $640 for service of process.  (See Avshalumov Aff., ¶¶ 48-50, Ex. A.)  These defendants are not responsible for the cost of attempted service on named defendants who never appeared; I will therefore deduct the $256 reflected on the process server's invoice for service on those defendants.  (Id., Ex. B.)  The remaining costs are reasonable, and plaintiffs' counsel has filed appropriate documentation for them.  (See Reply Affirmation of Roman Avshalumov, Esq., dated June 13, 2023, Dkt. No. 35, Ex. 1); Lu Wan v. YWL USA Inc., No. 18 CV 10334, 2021 WL 1905036, at *9 (S.D.N.Y. May 12, 2021) (awarding costs, even though law firm "failed to include any documentation of costs in [its] initial application," because the firm "cured this problem in [its] reply"); see also Themis Cap. v. Democratic Republic of Congo, No. 09 CV 1652, 2014 WL 4379100, at *12 (S.D.N.Y. Sept. 4, 2014) (reimbursing plaintiffs for ordering transcripts, along with costs associated with translators and interpreters).  Plaintiffs are therefore awarded $1,632.75 in costs.

## CONCLUSION

Plaintiffs' motion for attorney's fees and costs is hereby granted. Plaintiffs are awarded $29,010.50 in attorney's fees and $1,632.75 in costs, for a total of $30,643.25.

SO ORDERED.

/s/
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
October 3, 2023